**No. 24-3121**

**UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT**

**Jennifer Blaine,**
**Appellant,**

**v.**

**Mystere Living & Healthcare, Inc. D/B/A Wellsville Health & Rehab,**
**Appellee.**

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS
Case No. 2:22-cv-02471-TC
The Honorable Toby Crouse, District Court Judge

**APPELLANT'S REPLY BRIEF**
**ORAL ARGUMENT REQUESTED**

---

**HKM EMPLOYMENT ATTORNEYS LLP**

By: */s/ Ethan A. Crockett*
Ethan A. Crockett KS No. 79609
John J. Ziegelmeyer III KS No. 23003
1600 Genessee Street, Suite 754
Kansas City, MO 64102
Tel: (816) 875-3332
ecrockett@hkm.com
jziegelmeyer@hkm.com
www.hkm.com

## TABLE OF CONTENTS

TABLE OF CONTENTS………………………………………………… ii

TABLE OF AUTHORITIES……………………………………………... iii

REPLY ARGUMENT………………………………………………… 1

I. Blaine's arguments were not fortified on appeal, and the District Court's grant of Summary Judgment constitutes plain error ………... 1

A. The District Court committed plain error on both Blaine's discrimination and retaliation claims………………………….. 1

B. The District Court passed upon the issue of whether or not Blaine was harmed by holding that she suffered no monetary harm……………………………………………………… 3

C. Wellsville's Responsive brief fails to identify applicable law and facts……………………………………………….. 5

CONCLUSION ……………………………………………….. 5

CERTIFICATE OF COMPLIANCE WITH WORD LIMITS AND TYPEFACE REQUIREMENTS …………………………………… 7

CERTIFICATE OF SERVICE ………………………………………… 8

# TABLE OF AUTHORITIES

## CASES

*Richison v. Ernest Grp., Inc.,*
634 F.3d 1123 (10th Cir. 2011)………………………………….... 1

*Burlington N. & Santa Fe Ry. Co. v. White,*
548 U.S. 53 (2006)…………………………………………….. 1, 2-3, 5

*Muldrow v City of St. Louis, Missouri,*
601 U.S. 643 (2024)…………………………………............ 2-3

*United States v. Bader,*
678 F.3d 858 (10th Cir. 2012)……………………………………. 2

*United States v. Cordery,*
656 F.3d 1103 (10th Cir. 2011)………………………………….... 2

*Tesone. v. Empire Mktg. Strategies,*
942 F.3d 979 (10th Cir. 2019)……………………………………. 3-4

*Trujilo v. Uniroyal Corp.,*
608 T.2d 815 (10th Cit. 1979)……………………………………. 5

## REPLY ARGUMENT

### I. Blaine's arguments were not forfeited on appeal, and the District Court's grant of Summary Judgment constitutes plain error.

Wellsville contends that Blaine has forfeited her arguments raised in her appeal. However, the District Court committed plain error by applying the incorrect standard of harm for Blaine's retaliation and discrimination claims. Further, the District Court "passed on" the issue of whether Blaine suffered harm, and therefore, this Court should review the issue *de novo*.

#### A. The District Court committed plain error on both Blaine's discrimination and retaliation claims.

The District Court granted summary judgment on Blaine's Title VII sex discrimination and retaliation claims; however, it failed to apply the correct standard and in doing so, committed plain error. To show plain error, a party must establish the following: (1) error, (2) that is plain, (3) which affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128 (10th Cir. 2011).

The District Court, in granting summary judgment for Wellsville Health on Blaine's retaliation claim, initially stated the correct standard under *Burlington N. & Sante Fe Ry. Co. v. White*, 548 U.S. 53 (2006), that she needed to show a "materially adverse act" before erroneously holding that Blaine was required to show that she suffered an adverse employment action. (App. 0366). Further, in discussing Blaine's

discrimination claim, the District Court failed to apply *Muldrow v City of St. Louis, Missouri*, 601 U.S. 643 (2024), and simply stated that because Blaine failed to meet the standard of harm under a retaliation claim, she could not show it under her discrimination claims. (App. 0369). Such errors meet all four elements required to show plain error. In order for an error to be "plain" it must be "clear or obvious under current law." *United States v. Bader*, 678 F.3d 858, 868 (10th Cir. 2012). The 10th Circuit has held that "current law" includes the law at the time of the appeal. *United States v. Cordery*, 656 F.3d 1103, 1106 (10th Cir. 2011). On Blaine's retaliation claim, the District Court simply used an incorrect standard, failing to do any analysis under *BNSF*. Although the Court noted the Supreme Court's decision of *Muldrow* in its summary judgment order, it failed to analyze Blaine's discrimination claim under that controlling authority. Further, although *Muldrow* was decided prior to the Court's order, the decision occurred *after* the parties briefed summary judgment and therefore constitutes binding precedent. Applying the incorrect standard of harm is plainly erroneous.

The Court's plain error also affects the substantial rights of Blaine and the fairness and integrity of judicial proceedings. The Court's use of the incorrect standard led to Blaine's claims being dismissed, effectively depriving her of her day in court. As discussed in her opening brief, absent such error, Blaine's claims would have survived. Further, the application of a brightline rule, that a Plaintiff that does

not suffer any monetary harm isn't harmed under Title VII, directly flies in the face of the holdings in both *BNSF* and *Muldrow*. (App. Br. 13, 22). Allowing the Court to apply unreviewable brightline rules that established Supreme Court precedent directly contradicts, would seriously affect the fairness, integrity, and public reputation of the Court, and would affect all litigants, not only Blaine.

As the District Court plainly erred in granting summary judgment on Blaine's discrimination and retaliation claims, and such error has both seriously affected her substantive claims and the integrity of judicial proceedings, this Court should reverse and remand the District Court's grant of summary judgment.

### B. The District Court passed upon the issue of whether or not Blaine was harmed by holding that she suffered no monetary harm.

The District Court addressed and passed upon the issue of whether or not Blaine suffered harm. The Tenth Circuit has stated that an issue is forfeited, when an appellant "presents an argument on appeal that simply wasn't raised before the district court." *Tesone. v. Empire Mktg. Strategies*, 942 F.3d 979, 991-92 (10th Cir. 2019) (internal citations omitted). However, the forfeiture rule does *not* apply, when the district court passes upon an issue. In *Tesone*, this Circuit, in holding that the forfeiture rule did not apply, stated:

> This is because "[a]ppellate courts can reach issues that were either 'pressed' by the appellant before, or 'passed upon' by, the lower court." A court "passes upon" an issue when it applies "the relevant law to the relevant facts." An appellate court is therefore "permit[ed] review of an issue not pressed so long as it has been passed upon." When a district court has

> "passe[d] upon" an issue, "review on appeal is not for 'plain error,' but is subject to the same standard of appellate review that would be applicable if the appellant had properly raised the issue.

*Id*. at 992 (citations omitted). In *Tesone*, the district court "explicitly determined" that Tesone could not establish a prima facie case of disability discrimination as she presented no expert medical evidence of her disability. *Id* at 993. The 10th Circuit reviewed the district court's grant of summary judgement de novo, despite the fact that Tesone explicitly failed to argue at the district court level that expert medical evidence was not necessary to establish a prima facie case of disability discrimination, as the district court "passed upon" the argument by resolving an issue of law on the merits. *Id* at 991-994.

In its summary judgment decision, the Court ruled that because Blaine expressed an intent to resign and was paid for the period of time that she had planned on working, she suffered no harm, essentially requiring monetary harm as an essential element of a prima facie retaliation. (App. 0367-369). In analyzing Blaine's discrimination claim, the Court stated that because she could not meet the standard of harm for a retaliation claim, she could not for her discrimination claim. (App. 0369). By resolving both Blaine's retaliation and discrimination claims summarily by stating that she failed to suffer an "adverse employment action" by not suffering monetary harm, the Court passed upon the issue of whether Blaine was harmed by resolving a legal issue on the merits. As such, this Court can reach this issue *de novo*.

### C. Wellsville's Responsive brief fails to identify applicable law and facts

In its response brief, Wellsville repeatedly asserts that Blaine failed to include several arguments in the Court's pretrial order regarding her claims. The 10th Circuit has been clear that a pretrial order shall be "liberally construed to cover any of the legal or factual theories that might be embraced by its language" and that it is a "procedural tool" that is not to be used to defeat a lawsuit on a technicality." *Trujilo v. Uniroyal Corp.*, 608 T.2d 815, 818 (10th Cit. 1979). Wellsville also argues that petty slights and minor annoyances are not materially adverse. In *BNSF*, however, the Court made a point to state that although these actions may not normally be materially adverse, there could be instances where they could rise to the level of actionable retaliation. *BNSF*, 548 at 68-69. "Context matters." *Id* at 69.

Further, in Wellsville's brief, it contends that "for the first time" Blaine contends she was terminated. (Appellee Br. 33). In fact, Blaine has on several occasions held firm that she was terminated. (App. 0012-15, 190, 191).

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Appellant's Opening Brief, the District Court's grant of summary judgment should be reversed, and this matter should be remanded to the United States District Court for the District of Kansas for further proceedings.

Respectfully Submitted:

**HKM EMPLOYMENT ATTORNEYS LLP**

By: /s/ *Ethan A. Crockett*
     Ethan A. Crockett    KS No. 79609
     John J. Ziegelmeyer III    KS No. 23003
     1600 Genessee Street, Suite 754
     Kansas City, MO 64102
     Tel: 816.875.3332
     ecrockett@hkm.com
     jziegelmeyer@hkm.com
     www.hkm.com

**CERTIFICATE OF COMPLIANCE WITH WORD LIMITS AND TYPEFACE REQUIREMENTS**

This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(A) because it contains 1266 words and five pages, excluding the parts of the brief excepted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word for Mac in Times New Roman font style in size 14.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2025, one copy of the foregoing and was served on the following via the Court's electronic filing system:

Whitney L. Casement
STEVENS & BRAND, L.L.P.
Attorneys at Law
4848 SW 21st Street, Suite 201
Topeka, KS 66604
Phone: (785) 408-8000
Fax: (785) 408-8003
wcasement@stevensbrand.com

ATTORNEY FOR APPELLEE

*/s/ Ethan A. Crockett*
Attorney for Appellant